IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy L. Valentine, ) | Civil Action No.: 4:05-00485-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | **OPINION & ORDER** |
| Ofc. D. Richardson, Lt. Pressley, ) | |
| Ofc. R. Goins, Ofc. Bennett, Ofc. ) | |
| Labonte, Ofc. Creasy, Ofc. Gardo, ) | |
| Ofc. Williams, Ofc. Youngblood, ) | |
| Ofc. Jonathan Tally, Sgt. Nation, ) | |
| Ofc. B. Jones, Ofcs. "John Doe", ) | |
| Nurse Gay, Dr. Legesse Tebeje, ) | |
| Nurse Judy, Attorney Lawrence ) | |
| Crane, Dr. John Caleb Pease, Ofc. ) | |
| Kristy McCraw; sued in their ) | |
| Individual capacities; and The ) | |
| Greenville Hospital System; and ) | |
| Greenville County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy L.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

Valentine ("Valentine"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In his Report, Magistrate Judge Rogers recommends granting Legesse Tebeje ("Dr. Tebeje"), Dr. John Caleb Pease ("Dr. Pease"), Nurse Gay, Nurse Judy, and Greenville Hospital System's ("GHS") (collectively "Movants") motion for summary judgment and declining to exercise supplemental jurisdiction over Valentine's state law claims pursuant to 28 U.S.C. § 1367(c). For the reasons set forth below, the court grants the Movants' motion for summary judgment and dismisses Valentine's medical negligence claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Valentine is currently incarcerated at Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. On February 25, 2005, Valentine filed this civil rights action, and he filed an amended complaint on July 5, 2005. Valentine alleges that on June 7, 2003, while a pre-trial detainee at Greenville County Detention Center ("GCDC"), he was severely beaten by officers at the GCDC. (Am. Compl. ¶ 23.) On June 8, 2003, Valentine was transported to Greenville Memorial Hospital ("hospital") after having seizures. (Id. ¶ 29.) Valentine has alleged various civil rights claims against the officers, who are co-defendants in this case. In addition, Valentine submits that at the hospital, Nurse Gay conspired with the officers by assisting Lt. Pressley in placing restraints on Valentine without written or verbal authorization from his doctor. (Id. ¶¶ 31, 60.) Moreover, Valentine alleges that (1) Dr. Tebeje conspired with the officers by preparing a false report stating that Valentine had "a history of seizures" (Id. ¶¶ 40, 66.); (2) Nurse Judy conspired with the officers to torture Valentine by sticking needles in his hands (Id. ¶¶ 32, 62.); and (3) Dr. Pease conspired with

2

the officers by allowing the officers to restrain Valentine without authorization and contrary to hospital policy. (Am. Compl. ¶¶ 42, 68.) Valentine also alleges that the Movants were grossly negligent in treating Valentine. (Id. ¶¶ 61, 63, Prayer ¶ 20.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Valentine filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Valentine specifically objects to Magistrate Judge Rogers' conclusion that Valentine's civil conspiracy claim fails because there is insufficient that the Movants conspired with the officers to deprive Valentine of his civil rights. Valentine argues that the Movants acted under color of state law because "the evidence in [this] case shows unequivocally that the employees of [GHS] watched the plaintiff be illegally restrained, and aided the officers putting the illegal restraints on him." (Objections 4.)

The Movants are private parties. However, a private party can be liable under §1983 for civil conspiracy if a plaintiff can demonstrate that "(1) a state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." Hessami v. Corporation of Ranson, 170 F. Supp. 2d 626, 634 (N.D. W. Va. 2001). "[T]o survive a properly supported summary judgment motion, [Valentine's] evidence must, at least,

4

reasonably lead to the inference that [the movant's and the officers] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996).

"[I]t is GHS hospital policy and procedure that inmates brought to the Greenville Hospital System be restrained at the discretion of correction department officials." (Movants' Mem. Supp. Summ. J. Ex. D (Aff. Dr. Tebeje ¶ 7).) The fact that Nurse Gay assisted officers in placing Valentine in restraints is insufficient to show an understanding between the officers and the Movants to deprive Valentine of his constitutional rights. Likewise, the allegation that the Dr. Tebeje, Dr. Pease, Nurse Judy, or any other employee of the GHS observed Valentine's placement in restraints and failed to act does not evidence an understanding between the officers and the Movants to deprive Valentine of his constitutional rights. In fact, Valentine's allegations merely confirm that the officers made the decisions concerning the use of restraints.

In addition, Magistrate Judge Rogers recommends declining to exercise supplemental jurisdiction over Valentine's medical negligence claims against the Movants. Valentine objects to dismissing his medical negligence claims, alleging that there are genuine issues of material fact which support his medical negligence claims. To prevail on a negligence claim in South Carolina, "a plaintiff must show the (1) defendant owed a duty of care to the plaintiff (2) defendant breached the duty by a negligent act or omission (3) defendant's breach was the actual and proximate cause of the plaintiff's injury and (4) the plaintiff suffered injury or damages." Jackson v. Swordfish Investments, L.L.C., 620 S.E.2d 54, 56 (S.C. 2005). In a medical malpractice case, the plaintiff must provide expert testimony regarding the standard of

care and a breach of the standard of care.  See Gooding v. St. Francis Xavier Hosp., 454 S.E.2d 328, 330 (S.C. Ct. App. 1995), rev'd in part on other grounds by, 487 S.E.2d 596 (S.C. 1997) ("In medical malpractice actions, the plaintiff must establish by expert testimony both the required standard of care and the defendant's failure to conform to the standard, unless the subject matter lies within the ambit of common knowledge and experience so that no special learning is needed to evaluate the defendant's conduct.").

The court finds that Valentine's medical negligence claims against the Movants must be dismissed because Valentine has failed to provide expert testimony regarding the standard of care and a breach of the standard of care.  Moreover, there is insufficient evidence that the Movants breached any duty owed to Valentine.  The evidence reveals that the Movants successfully treated Valentine for seizures and complied with GHS policy and procedure concerning the restraint of inmates.   (Movant's Mem. Supp. Summ. J. Ex. D (Aff. Dr. Tebeje  ¶ 7) & Ex. C (Hospital Policy).)    Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation in part.

Therefore, it is

**ORDERED** that the Movants' motion for summary judgment, docket number 55, is granted.  It is further

**ORDERED** that Valentine's medical negligence claims are dismissed.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

September 12, 2006
Greenville, South Carolina