IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy L. Valentine, ) | Civil Action No.: 4:05-00485-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | **OPINION & ORDER** |
| Ofc. D. Richardson, Lt. Pressley, ) | |
| Ofc. R. Goins, Ofc. Bennett, Ofc. ) | |
| Labonte, Ofc. Creasy, Ofc. Gardo, ) | |
| Ofc. Williams, Ofc. Youngblood, ) | |
| Ofc. Jonathan Tally, Sgt. Nation, ) | |
| Ofc. B. Jones, Ofcs. "John Doe", ) | |
| Nurse Gay, Dr. Legesse Tebeje, ) | |
| Nurse Judy, Attorney Lawrence ) | |
| Crane, Dr. John Caleb Pease, Ofc. ) | |
| Kristy McCraw; sued in their ) | |
| Individual capacities; and The ) | |
| Greenville Hospital System; and ) | |
| Greenville County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy L.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

Valentine ("Valentine"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983.  In his Report, Magistrate Judge Rogers recommends granting the Defendant Attorney Lawrence Crane's ("Crane") motion for summary judgment and denying Valentine's motion for summary judgment.  For the reasons set forth below, the court adopts Magistrate Judge Rogers' Report and Recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Valentine is currently incarcerated at Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina.  On February 25, 2005, Valentine filed this civil rights action, and he filed an amended complaint on July 5, 2005.  Valentine alleges that on June 16, 2003, while a pre-trial detainee at Greenville County Detention Center ("GCDC"), Valentine's attorney, Crane, came to see him.  Valentine alleges that he did not wish to speak with Crane.  However, Valentine alleges that Crane instructed GCDC officers to bring Valentine from his cell to meet with Crane.  (Valentine Mem. Supp. Summ. J. Ex. 4 (Valentine Aff. ¶¶ 2-3).)  Valentine submits that the officers beat him, removed him from his cell, and placed him in a restraint chair before taking him to see Crane.  Valentine alleges that Crane, acting under color of state law, conspired with the officers to deprive Valentine of his rights.  (Am. Compl. ¶ 72.)  Valentine also alleges that Crane was grossly negligent in instructing officers to bring Valentine to see him.  (Id. ¶ 73.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Valentine filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections.

First, Valentine objects to Magistrate Judge Rogers' reliance on a video that is part of the record because Crane did not rely the video in support of his motion for summary judgment. This objection is without merit. "Summary judgment . . . is appropriate where the court, viewing the record as a whole in the light most favorable to the non-movant, determines that there exists no genuine issue of material fact." Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985). As such, the court may consider the entire record in the case when deciding a summary judgment motion. Nonetheless, Valentine objects to the court relying on this video because he has not been provided with a copy of it. It is unclear whether Valentine received a copy of the video, because the certificate of service accompanying Officer D. Richardson, Lieutenant Pressly, Officer R. Goins, Officer Bennett, Officer Labonte, Officer Creasy, Officer Gardo, Officer Williams, Officer Youngblood, Officer Jonathan Tally, Sergeant Nation, Officer B. Jones, Officers John Doe, Officer Kristy McCraw, and Greenville County's motion for summary judgment is incorrect. Therefore, giving Valentine the benefit of the doubt, the court will not consider the video. However, even absent the video, for the reasons discussed below, Valentine's claims against Crane still fail.

Valentine objects to Magistrate Judge Rogers' conclusion that there is no evidence that Crane conspired with officers to deprive him of his civil rights by instructing officers to bring Valentine to meet with Crane at GCDC. An attorney does not act under color of state law.

4

See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (finding that a private attorney retained to represent a criminal defendant does not act under color of state law); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney is not a state actor); Polk County v. Dodson, 454 U.S. 312, 317-24 (1981) (public defender is not a state actor in representing a defendant in a criminal proceeding). However, a private party can be liable under §1983 for civil conspiracy if a plaintiff can demonstrate that "(1) a state official and private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents." Hessami v. Corporation of Ranson, 170 F. Supp. 2d 626, 634 (N.D. W. Va. 2001). "[T]o survive a properly supported summary judgment motion, [Valentine's] evidence must, at least, reasonably lead to the inference that [Crane and the officers] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996).

 In his affidavit, Valentine states that Crane instructed the officers to bring Valentine to him. (Valentine Mem. Supp. Summ. J. Ex. 4 (Valentine Aff. ¶¶ 2-3).) However, there is no evidence that Crane instructed the officers to assault Valentine. In fact, Crane alleges that he did not order the officers to bring Valentine against his will to meet with him, to place Valentine in a restraint chair, or to assault Valentine. (Crane Mem. Supp. Summ. J. 1-2.) Valentine has presented nothing other than mere speculation that Crane conspired with the officers. Hinkle, 81 F.3d at 422 (noting that a plaintiff's allegation must be more than "rank speculation and conjecture"). Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that Crane's motion for summary judgment, docket number 64, is granted. It is further

**ORDERED** that Valentine's motion for summary judgment, docket number 61, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

September 12, 2006
Greenville, South Carolina