IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy L. Valentine, ) | Civil Action No. 4:05-485-HMH-TER |
|  ) |  |
|       Plaintiff, ) |  |
|  ) |  |
| vs. ) |  |
|  ) | **OPINION & ORDER** |
| Ofc. D. Richardson, Lt. Pressley, ) |  |
| Ofc. R. Goins, Ofc. Bennett, Ofc. ) |  |
| Labonte, Ofc. Creasy, Ofc. D. ) |  |
| Gardo,  Ofc. Williams, ) |  |
| Ofc. Youngblood, ) |  |
| Ofc. Jonathan Tally, Sgt. Nation, ) |  |
| Ofc. B. Jones, Ofcs. "John Doe", ) |  |
| Ofc. Kristy McCraw; sued in their ) |  |
| individual capacities; and ) |  |
| Greenville County, ) |  |
|  ) |  |
|       Defendants. ) |  |
| _____ ) |  |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy L. Valentine ("Valentine"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In his Report, Magistrate Judge Rogers recommends granting Officer D. Richardson, Lieutenant Pressley, Officer R. Goins, Officer Bennett, Officer Labonte, Officer

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Creasy, Officer Gardo, Officer Williams, Officer Youngblood, Officer Jonathan Tally, Sergeant Nation, Officer B. Jones, Officer Kristy McCraw, and Greenville County's (collectively "Movants") motion for summary judgment and declining to exercise supplemental jurisdiction over Valentine's state law claims pursuant to 28 U.S.C. § 1367(c). For the reasons set forth below, the court grants the Movants' motion for summary judgment and dismisses Valentine's claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Valentine is currently incarcerated at Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina. On February 25, 2005, Valentine filed this civil rights action, and he filed an amended complaint on July 5, 2005. Valentine alleges that on June 7, 2003, while a pre-trial detainee at Greenville County Detention Center ("GCDC"), he was severely beaten by officers at the GCDC using stun guns and billy clubs. (Am. Compl. ¶ 23.) Valentine alleges that officers beat him with their fists, kicked him, and choked him. On June 8, 2003, Valentine was transported to Greenville Memorial Hospital ("hospital") after having seizures. (Id. ¶ 26.) In addition, Valentine submits that at the hospital, Lt. Pressley had the hospital regulation restraints removed and placed metal restraints on Valentine without written or verbal authorization from his doctor. (Id. ¶¶ 30, 58.) Further, Valentine contends that Officers McCraw, Tally, and Gardo conspired to place Valentine in a rubber room upon return to GCDC as opposed to being placed in the medical wing. (Id. ¶¶ 44-45.)

Valentine also alleges that on June 16, 2003, while a pre-trial detainee at GCDC, Valentine's attorney, Lawrence Crane ("Crane"), came to see him. Valentine alleges that he did not wish to speak with Crane and submits that the officers beat him, removed him from his cell,

2

and placed him against his will in a restraint chair before taking him to see Crane. (Id. ¶¶ 48, 52.)

The Movants allege that they are entitled to summary judgment because the use of restraints and/or force was lawful and constitutionally permissible. In addition, the Movants argue that Valentine's claim for failure to provide medical care because he was not placed in the medical wing is without merit. Finally, the Movants allege de minimus injury, qualified immunity, no respondeat superior liability, no liability of municipality, Greenville County, and no state law liability.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary judgment is made and

supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Objections

Valentine filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Valentine's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean several specific objections.

First, Valentine specifically objects to Magistrate Judge Rogers' conclusion that Valentine's excessive force claim related to the alleged June 7, 2003, incident fails. "[E]xcessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. . . ." Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997). "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).

"To succeed, the plaintiff must first demonstrate that Defendants' inflicted unnecessary and wanton pain and suffering upon the detainee." Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006) (internal quotation marks omitted). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. (internal quotation marks omitted). However,

> [e]ven if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided, plaintiff must also demonstrate that the injuries were more than *de minimus* or that the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than *de minimus* injury.

Id. at 605-06 (internal quotation marks omitted).

The Magistrate Judge concluded that Valentine had not been subjected to excessive force on June 7, 2003, because there was no evidence of any bruising or injuries from the alleged assault. The Magistrate Judge relied on the hospital records submitted in support of the Movants' motion for summary judgment. (Report and Recommendation 6-7.) Valentine submits that his affidavit alleging that he was assaulted by the officers and shot with a stun gun is sufficient to create a question of fact on this issue. The court disagrees. No medical evidence in the record supports Valentine's contention that he was assaulted. The records indicate that Valentine suffered a prolonged seizure and was transported to the hospital. (Defs.' Mem. Supp. Summ. J. Ex. 3 (7/30/07 Dorriety Aff. Ex. 1 (History and Physical & Discharge Summary)).) The hospital records reveal that Valentine had no injuries or bruising. (Id. Ex. 4 (7/30/07 Dorriety Aff. Ex. 1 (Hospital Records, generally)).) The court may properly consider the records supplied by the Movants in support of their motion for summary judgment. See Local Rule

7.04. Based on the foregoing, Valentine's objection is without merit. In addition, even if Valentine was assaulted, his injuries were de minimus.

Second, Valentine objects to Magistrate Judge Rogers' conclusion that Valentine's claim regarding the metal restraints used on him while he was in the hospital is without merit. Valentine alleges that he was subjected to cruel and unusual punishment and excessive force when the metal restraints were placed on him. Initially, Valentine was placed in soft restraints. However, while wearing the soft restraints Valentine exhibited aggressive behavior, refused medication, removed his IV access, and urinated on an officer. Therefore, the hospital regulation restraints were removed and Valentine was placed in metal restraints. (Defs.' Mem. Supp. Summ. J. Ex. 1 (Dorriety Aff. ¶ 6 & Arrest Warrant Affidavit), Ex. 2 (Dorriety Aff. Ex. 2 (Supervisor Summary Report)), & Ex. 3 (Dorriety Aff. Ex. 1 (Discharge Summary)).)

GCDC's restraint policy provides that restraints must be used when transporting a detainee. (Id. (Dorriety Aff. Ex. 1 (Policy 3.1.12)).) According to the transport training manual, the injury, illness, or condition will determine the level of restraints necessary. (Id. (Dorriety Aff. Ex. 1 (Training Manual pg. 57)).) After review of the law and record in this case, the application of metal restraints was not excessive force. Further, Valentine suffered no injury as a result of the limited time he spent in metal restraints. "Punishment must mean something more than trifling injury or negligible force." See Riley, 115 F.3d at 1167. "The *de minimus* nature of [Valentine's] alleged injuries cannot be squared with [his] need to demonstrate excessive force amounting to punishment." Id. Based on the foregoing, Valentine's objection is without merit.

Third, Valentine objects to Magistrate Judge Rogers' finding that the Movants were not indifferent to his medical needs by failing to place him in a medical wing upon his discharge

6

from the hospital. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). "In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Id.

Valentine alleges that he was placed in a rubber room for punishment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Id.

> In order to establish that a particular condition or restriction of detention constitutes constitutionally impermissible punishment a detainee must show either 1) an expressed intent to punish or 2) a lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.

Id. (internal quotation marks omitted). As Valentine points out in his objections, he demonstrated "aggressive behavior, refused medication, pulled out his IV, [] urinated on an officer[, and] was put in a four point restraint in metal shackles to keep from moving." (Objections 4.) Moreover, Valentine has been diagnosed with "post-ictal psychosis." (Id.) However, Valentine alleges that "there was no need for observation and precautionary measures." (Id.) The hospital discharge summary stated that

> [b]ecause the patient is clearly a high-risk patient, as far as we are concerned here, and they [Kristy McCraw and GCDC] believe that he may be better off being

>  transferred back to the prison. Of note, the patient has been refusing all of his p.o. medication. With this in mind, the patient is therefore being discharged back to the prison officers. They do have a medical wing and Ms. McCraw promised that they would supervise this patient.

(Defs.' Mem. Supp. Summ. J. Ex. 3 (7/30/07 Dorriety Aff. Ex. 1 (Discharge Summary)).) There is no evidence that Valentine was denied any medical treatment. Further, the Movants allege that based on Valentine's behavior and conversations with his treating physician, Valentine was placed in a rubber room so that he could be constantly supervised by camera. (Defs.' Supp. Resp. Supp. Summ. J. Ex. 1 (Dorriety Aff. ¶ 5).) Based on the record, the Movants were not indifferent to Valentine's medical needs and the placement of Valentine in a rubber room for observation did not amount to punishment.

Fourth, Valentine objects to the Magistrate Judge's conclusion that the Movants are entitled to summary judgment on his excessive force claim related to Valentine's placement in a restraint chair on June 16, 2003. Valentine's objection is without merit. Valentine was placed in a restraint chair because he refused to meet with his attorney and to appear in video court. Officers forcibly removed Valentine from his cell pursuant to GCDC's planned use of force policy. (Defs.' Mem. Supp. Summ. J. Ex. 3 (7/30/07 Dorriety Aff. Ex. 1 (Planned Use of Force Policy)).) James Dorriety, Director for the Department of Safety in Greenville County, with supervisory, administrative, and management responsibilities over the GCDC, stated in his affidavit that the cell extraction was necessary to secure Valentine's appearance in court. In addition, Valentine submitted his medical records related to the incident, which indicated that Valentine's condition was checked by medical personnel who observed good circulation in his extremities and that two fingers fit "between restraints and skin." (Pl.'s Mem. Opp'n Summ. J. Ex. 4 (Valentine Aff. Ex. 1 (GCDC Medical Clinic Progress Notes 6/16/03)).) Valentine was

not subjected to excessive force as the officers acted in good faith and not "maliciously or sadistically for the very purpose of causing harm." Carr, 453 F.3d at 605. Further, no evidence in the record supports the conclusion that Valentine suffered anything more than de minimus injury as a result of his placement in the restraint chair. Moreover, the force used was not "repugnant to the conscience of mankind." Id. at 605-06. Therefore, this claim fails.

Fifth, Valentine objects to the Magistrate Judge's conclusion that the respondeat superior claim fails. "Liability of local governments and their officials sued in their official capacity under § 1983 cannot be based on *respondeat superior* but arises only when city or county officials themselves, through an act establishing a policy or custom, cause the constitutional violation." Gordon v. Kidd, 971 F.2d 1087, 1097 (4th Cir. 1992). As set forth above, Valentine has suffered no constitutional deprivation. Thus, this claim is without merit.

Finally, Valentine generally objects that he has shown more than de minimus injuries. However, as set forth above, the record reveals no evidence to support Valentine's claims that he suffered injuries as a result of the Movants' actions. In addition, Valentine generally objects to the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Valentine's state law claim. As the court lacks original jurisdiction over Valentine's state law claims, the court dismisses them.

Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that the Movants' motion for summary judgment, docket number 102, is granted. It is further

**ORDERED** that Valentine's state law claims are dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

January 7, 2008
Greenville, South Carolina

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.